## WILLIAMS *v.* WILLIAMS.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

CONTRACT TO MAKE WILL—ENFORCEMENT.

In consideration of the release by F. of a debt due to him from D., the latter agreed that, if he should die without wife or child, he would leave the income of his estate to his mother for life, and the whole of his estate, upon her death, or if she did not survive him, to F., if living; otherwise to F.'s children. *Held* that, after the death of D., F. might maintain an action on the agreement against the administratrix of D., without making the heirs and next of kin parties thereto. Reversing 11 N. Y. Supp. 753.

Appeal from special term, New York county.

Action by Fielding L. Williams against Lucy E. Williams, as administratrix of David W. Williams, deceased. Plaintiff appeals from an interlocutory judgment dismissing the complaint upon a demurrer by him to the answer. For the opinion of the special term, see 11 N. Y. Supp. 753.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thomas Jackson,* for appellant. *Butler, Stillman & Hubbard,* (*Henry H. Whitman* and *John Notman,* of counsel,) for respondent.

BRADY, J. The plaintiff alleged that during his life-time, and for some time prior to the 31st of December, 1873, David Williams, deceased, was his copartner; that on the 31st of December, 1873, the firm was dissolved by mutual consent, and an accounting had between them, on which it was found that the deceased partner was indebted to the plaintiff in the sum of $25,492.26, and then follows this allegation: "(3) That on or about the 10th day of February, 1874, in consideration of a release in writing of said indebtedness, which plaintiff executed and then and there delivered to him, the said David W. Williams promised and agreed that, should he die without wife or child, he would leave the income of his estate to his mother, Lucy E. Williams, for life, and the whole of said estate, upon her death, or if she did not survive him, to the plaintiff, were he then living; otherwise to the children of said plaintiff, the survivor or survivors of them,"—which is the gist of the action. The defendant answered, setting up separate defenses, and to those contained in the ninth and tenth paragraphs the plaintiff demurred. Upon the argument the defendant, invoking well-established principles, assailed the complaint as one not stating facts sufficient to constitute a cause of action; and the learned justice in the court below, in considering the effect of the demurrer, held that it was well taken as to both paragraphs of the answer demurred to, but proceeded to consider the sufficiency of the complaint, and arrived at the conclusion that, as the heirs at law and next of kin, and not the administratrix, were the real parties in interest, therefore the plaintiff should assert his claim against them. The learned justice conceded that the complaint stated a cause of action which was good against the heirs and next of kin, but bad against the person who was sued as administratrix, and said that while the plaintiff's demurrer would have been sustained as to the ninth and tenth defenses mentioned, there should be judgment for the defendant dismissing the

complaint for a failure to state facts sufficient to constitute a cause of action. The difficulty in sustaining this view arises from the fact that a defect of parties must be taken advantage of by demurrer where it appears upon the face of the complaint, or by answer if it do not appear, and if it be not thus taken it is waived. Code, §§ 488, 498, 499; *Davis* v. *Bechstein*, 69 N. Y. 440. And it is also subject to the criticism suggested by the opinion of the learned justice that a cause of action may be sufficiently and thoroughly stated, although there are parties interested in the controversy not before the court. It cannot be held, therefore, to enter into or become a part of the statement of the cause of action when considered with regard to its sufficiency.

The compact alleged is a peculiar one. Instances of kindred contracts are found in the adjudications, and have been sustained, although differing in some respects from that presented by the plaintiff. The consideration of the contract emanated from him, and was for the benefit of his mother and himself and his children, and it embraced the entire estate which the intestate possessed at the time of his death; he having promised and agreed that if he died without wife or child he would leave the income of his estate to his mother, Lucy E. Williams, for life, and the whole of the estate upon her death, or if she did not survive him, to the plaintiff, if then living; otherwise to his children. From this statement of the contract, the consideration of which was a release of the sum of $25,000 and upwards, it would seem, at first blush, as if Lucy W. Williams was the person to enforce it; but this view cannot be sustained, for the reason that she was not the promisee, although she might perhaps bring an action to sustain the interest acquired by it, with perhaps the consent of the plaintiff in this suit. But that he could enforce it there can be no question, and the propriety of his doing so is manifest from the fact that the estate might be distributed, if no effort were made to fasten upon it the burden of the contract sought to be enforced. Overlooking the apparent error in amalgamating a defect of parties with an alleged insufficiency of facts stated to constitute a cause of action, the question presented is whether the action can be maintained against the administratrix as such. The learned justice in the court below thought that the plaintiff in this case was asking the court to make a will which the testator promised and failed to make. This was a very natural suggestion, and to some extent is a correct statement; but the result might be a recovery in the action only for damages for violation of the contract or for the recovery of the sum which was paid as a consideration for it. It is, in effect, a contract for the payment of money, or the transfer of property, and is one which is generally enforced by the laws of the state against the personal representative of the deceased promisor, a position which the defendant in this case occupies. And it is quite apparent from the character of the claim that the heirs and next of kin have no other interest in it, and can have no interest in the estate other than to the surplus remaining after the discharge of all the intestate's obligations, which, if the contract as alleged be established herein, will be nothing. The only persons who would have any claim upon the estate under such circumstances would be the creditors and the administratrix for such charges as she could lawfully make for the performance of her duties. It seems to be well settled that to the personal representatives passes the interest of the deceased in whatever contracts may be outstanding at the time of his death; and, in like manner, the obligation of an unfulfilled engagement survives, and his personal representative is the proper person to answer for him. *Ferrin* v. *Myrick*, 41 N. Y. 315; *Ross* v. *Harden*, 44 N. Y. Super. Ct. 26. The law presumes that, in the absence of express words, the parties to the contract intend to bind not only themselves, but their personal representatives; indeed the representation of the deceased in matters of contract by his executor or administrator is so complete that, generally speaking, it is not necessary, in order to transmit it to the executor or administrator, that he should be named

in the terms of it, (Com. Dig. "Administrators," 13; *Kernochan* v. *Murray*, 111 N. Y. 306, 18 N. E. Rep. 868;) and this is particularly so where the agreement by its terms cannot be performed until the death of one of the parties. See, also, Dayt. Sur. 289; Williams, Ex'rs, 665, 666; *Potter* v. *Ellice*, 48 N. Y. 323, and cases cited. The judgment pronounced seems for these reasons to be erroneous. The failure to make the heirs and next of kin parties will not result in any disadvantage to them or the estate, inasmuch as, if, during the pendency of the action, it appears that a complete determination of the controversy cannot be had without their presence, the court must direct them to be brought in. Code, § 452. There is no other question to be considered on this appeal, and the judgment must therefore be reversed, with costs. All concur.