(96 App. Div. 52.)

### WELSBACH CO. v. NORWICH GAS & ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. FOREIGN CORPORATIONS—CERTIFICATES—CONDITIONS PRECEDENT—ACTIONS—PLEADING.

> Under the general corporation law (Laws 1892, p. 1805, c. 687), as amended by Laws 1901, p. 1364, c. 558, providing that no foreign corporation shall maintain an action in the state on any contract made by it in the state unless it has procured a certificate from the Secretary of State entitling it to do business in the state, the procuring of the certificate is a condition precedent, which must be averred in the complaint.

> Chase, J., dissenting.

Appeal from Special Term.

Action by the Welsbach Company against the Norwich Gas & Electric Company. From an order and interlocutory judgment overruling the demurrer, with costs, and granting final judgment unless plaintiff, within a certain time, answered the complaint and paid the costs, defendant appeals. Reversed.

The complaint in this action substantially sets forth that the plaintiff is a foreign corporation created by and under the laws of New Jersey, and that it has an office and officers in the state of New York; that the defendant is a domestic corporation doing business in the village of Norwich, state of New York; that at three different dates therein particularly specified, between November 12, 1901, and January 10, 1903, the plaintiff, at Norwich aforesaid, sold and delivered to the defendant three separate bills of goods, which at agreed prices amounted in all to $171.55, and for which amount and interest judgment is asked against the defendant. To this complaint the defendant demurred upon two grounds: First, that the plaintiff has not legal capacity to sue; second, that the complaint does not state facts sufficient to constitute a cause of action. At Special Term an order was entered overruling the demurrer. Upon such order an interlocutory judgment was entered overruling the demurrer, with costs, and granting final judgment unless the plaintiff, within 20 days, etc., answer the complaint and pay said costs. From such order and interlocutory judgment this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Judson A. Gibson and C. Tracey Stagg, for appellant.
J. J. Bixby and James P. Hill, for respondent.

PARKER, P. J. Section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), as amended by chapter 558, p. 1364, of the Laws of 1901, among other things, substantially provides that no foreign stock corporation, other than a moneyed corporation, shall do

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2647.

business in this state without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business, etc.; also that no such corporation shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate. This demurrer is based upon the theory that the complaint should have contained an averment that such certificate had been procured before the making of the sales which are the basis of the action.

In Reining v. City of Buffalo, 102 N. Y. 308, 310, 6 N. E. 792, the question presented was whether the complaint in an action against that city must contain an averment that the claim declared on had been presented to the common council, and that 40 days had expired since such presentation. It was there held that the language of the charter which required such a presentation and expiration of time before the bringing of an action, and which language is quoted in the opinion, was intended to operate as a condition precedent to the commencement of an action, and not simply to furnish a defense to the city in case of an omission to make such a demand. And because it was so intended, and did so operate, it was held that such presentation, and expiration of 40 days thereafter, should have been averred in the complaint. The demurrer by the city that such complaint did not state facts sufficient to constitute a cause of action was there sustained by the Court of Appeals. Within the principles in that case enunciated, the complaint in the appeal now before us is clearly bad. As in that case, the statute "absolutely forbids" the maintenance of an action on any contract made by the plaintiff in this state unless the requisite certificate had been previously procured. It appears from the complaint that the plaintiff is within the category of those parties who must have procured the certificate before they made the contract, in order to sustain an action thereon. The intent that the procurement of such certificate before the contract was made shall be a condition precedent to the maintaining an action thereon is as plain as any language could make it—certainly as plain as is the language in the Buffalo charter above referred to—and hence, being a condition precedent, it is a fact necessary to be proven, and therefore necessary to be alleged, within the authority of the above case.

The respondent's counsel urges that all the facts necessary to constitute a cause of action at common law are set forth in this complaint, but that does not meet the situation. As said by Judge Ruger in the Reining Case:

"It is competent for them [the Legislature] to attach a condition to the maintenance of a common-law action, as well as one created by statute; and, when they have done so, its averment and proof cannot safely be omitted."

See, also, Thrall v. Cuba Village, 88 App. Div. 410, 84 N. Y. Supp. 661, and Jewell v. City of Ithaca, 72 App. Div. 220, 76 N. Y. Supp. 126.

It is to be noticed that by the amendment of 1901 the enforcement of a contract made by a foreign corporation before it has obtained the

required certificate is entirely abrogated. It is made incapable of enforcement, because of the omission to procure the certificate before the contract was made. In this respect it differs from the statute construed in Fuller Co. v. Schrenk, 58 App. Div. 222–225, 68 N. Y. Supp. 781, and also from that construed in the opinion of the court in Parmele Co. v. Haas, 171 N. Y. 581, 64 N. E. 440. In the latter case it does not appear that any condition precedent on the part of the plaintiff existed at the time of the bringing of the action, because there the plaintiff had 13 months from the time of beginning business within the state in which to procure the required receipt, and it does not appear in the complaint that such time had expired. Thus the necessity of pleading the performance of a condition precedent was not presented in that case, and I am of the opinion that the decision there is not in conflict with the decision in the Reining Case.

I am of the opinion that, under the authority of the latter case, this demurrer was well taken, and should have been sustained. Therefore the order and judgment appealed from must be reversed, and the demurrer sustained, with costs.

Order and judgment appealed from reversed, and demurrer sustained, with costs of the trial in the court below and of this appeal, and with leave to the plaintiff to amend its complaint within 20 days from the service of a certified copy of this order on payment of such costs. All concur (HOUGHTON, J., in result), except CHASE, J., dissenting in memorandum.

CHASE, J. I dissent on the ground that the language of the opinion in the Court of Appeals in C. R. Parmele Co. v. Haas, 171 N. Y. 579, 64 N. E. 440, concurred in by the entire court, is applicable to this case, and should be controlling upon the courts until it is disapproved by that court, and by it held to be unnecessary to the decision in that case. See, also, Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159; O'Reilly, Skelly & Fogarty Co. v. Greene, 17 Misc. Rep. 302, 40 N. Y. Supp. 360; s. c., 18 Misc. Rep. 423, 41 N. Y. Supp. 1056; Fuller & Co. v. Schrenk, 58 App. Div. 222, 68 N. Y. Supp. 781.