(113 App. Div. 382)

## SOUTH BAY CO. v. HOWEY.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. CORPORATIONS—FOREIGN CORPORATIONS — ACTIONS — COMPLAINT — ALLEGA-
TION OF COMPLIANCE WITH STATUTE—NECESSITY.

Code Civ. Proc. § 1779, authorizes a foreign corporation, subject to the
regulations governing domestic corporations, to maintain an action except
as otherwise prescribed by law. General Corporation Law, Laws 1901,
p. 1326, c. 538, § 15, provides that no foreign stock corporation shall
do business in the state without having first procured a certificate that
it has complied with the requirements of law authorizing it to do business
in the state. The complaint in an action by a foreign corporation against
a resident defendant showed that plaintiff was a foreign corporation
but did not show that it was a stock corporation. *Held*, that the com-
plaint was sufficient without alleging that the corporation had obtained
the certificate authorizing it to do business in the state.

2. SAME—PROOF OF NONCOMPLIANCE WITH STATUTE.

To entitle a defendant in an action by a foreign corporation to a dis-
missal of the complaint, on the ground that it does not allege that the
corporation had obtained the certificate that it had complied with the
requirements of law authorizing it to do business in the state, it must
appear in the record that the foreign corporation is a stock corpora-
tion, and if that fact does not appear from the complaint, it must be
proved on the trial.

3. INSURANCE—CONTRACT—PLACE OF MAKING—PROOF.

A fire policy insuring the property of a foreign corporation showed that
it was executed by the insurer's agent in New York, but it did not appear
where the policy was delivered. The insurer had a home office in New
York. *Held* insufficient to show that the contract was made in New
York within the statute providing that no foreign stock corporation doing
business in the state shall maintain any action in the state on any con-
tract made by it in the state, unless prior to the making thereof it shall
have procured the certificate authorizing it to do business in the state.

4. CORPORATIONS—FOREIGN CORPORATIONS—CONTRACTS.

A contract insuring the property of a foreign corporation situate
in the state of New York is not embraced within General Corporation
Law, Laws 1901, p. 1326, c. 538, § 15, providing that no foreign stock
corporation shall do business in the state without having first procured
a certificate that it has complied with the requirements of the law
authorizing it to do business.

O'Brien, P. J., and Clarke, J., dissenting.

Appeal from Trial Term, New York County.

Action by the South Bay Company against William J. Howey.
From an order setting aside a verdict in favor of plaintiff, it appeals.
Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-
LIN, CLARKE, and HOUGHTON, JJ.

John D. Lannon, for appellant.
Mortimer M. Menken, for respondent.

INGRAHAM, J. The first question presented on this appeal is
whether a cause of action was alleged without an allegation that the
plaintiff had obtained from the Secretary of State a certificate that it
had complied with the requirements of law which authorized it to do
business in this state.

Parmele v. Haas, 171 N. Y. 581, 14 N. E. 440, held "where a foreign

corporation brings a suit in the courts of this state, and states a good cause of action in the complaint, it will be assumed that it is rightfully in this state and properly in court until the contrary is made to appear." Welsbach Co. v. Norwich Gas & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed, 180 N. Y. 533, 72 N. E. 1152, held on demurrer to the complaint that, obtaining such a certificate being a condition precedent to maintaining an action in the courts of this state, it was a fact necessary to be proven and therefore necessary to be alleged. In the opinion in the Welsbach Case, it was stated that it appeared from the complaint that the corporation was a foreign stock corporation within the provision of section 15 of chapter 538, p. 1326 of the laws of 1901, and the decision of the court rested on that assumption. It therefore appeared from the complaint that the plaintiff was not rightfully within this state, and not properly in court, and it follows that no cause of action was alleged.

The fact that the plaintiff was a foreign stock corporation, within the provision of section 15 of the general corporation law, did not appear in the complaint in this case. The only allegation in this complaint is that the plaintiff is a foreign corporation. The defendants are residents of this state. Section 1779 of the Code of Civil Procedure provides that:

"An action may be maintained by a foreign corporation, in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law."

The complaint alleges that the plaintiff is a foreign corporation, and that being conceded, it had a right to bring this action, unless restricted by the general corporation law which applies only to stock corporations. I think, therefore, that as it did not appear from the complaint that the plaintiff was a stock corporation, the motion that the complaint should be dismissed because it did not state facts sufficient to constitute a cause of action was properly overruled.

It was then proved that the plaintiff did business within this state, and one of the facts necessary to bring it within the provision of section 15 of the general corporation law was proved; but there was no proof that plaintiff was a stock corporation. I do not know that there is any presumption of law that a membership corporation, organized under the laws of the state of New Jersey could not engage in business as a manufacturer of and dealer in fish fertilizers. I agree with the court below that the provision of the policy as to the maintenance of actions in the Supreme Court of the county of New York was not a waiver of this prohibition contained in the statute which is for the benefit of the state, and not for parties to contract. But to entitle a defendant to a dismissal of a complaint on this ground, it must appear in the record that the plaintiff is a stock corporation. If that fact did not appear from the complaint, it must be proved upon the trial. The answer alleged that plaintiff was a stock corporation, but failed to prove that fact, and was not, therefore, entitled to a dismissal of the complaint on that ground. Nor does it appear in the record that the contract sued on, viz., the policy of insurance, was made by the defendant in this state. The statute provides that no foreign stock corporation doing business in this state shall maintain any action in this state,

upon any contract made by it in this state, unless prior to the making of such contract it shall have procured the certificate. The complaint alleges that the defendant and others by their attorney or deputy attorney, duly authorized thereto, made, and delivered to the plaintiff a policy of insurance by which they agreed to indemnify the plaintiff against loss or damage by fire. The answer admits the making of the contract; but when and where it was made is not alleged. The contract sued on is annexed to the complaint. In the attestation clause it is stated that:

"In witness whereof, the said underwriters have hereunto respectively subscribed their names and the several sums insured by them separately subject to the limitations herein stated as to their individual liability, by their attorney or their duly authorized deputy, at the city of New York, this 21st day of August, 1902."

It therefore appeared that the instrument was subscribed by the defendant's attorney in fact in the city of New York, but its delivery was an essential part of the contract, and it did not become a contract with the plaintiff until it was delivered. The plaintiff did not execute the policy of insurance, and, therefore, delivery was essential to the making of the contract. It does not appear in this record that the contract was made by the plaintiff, a foreign corporation, by a delivery to it of the policy within this state. The prohibition extends only to contracts made by the foreign corporation within this state. A contract of insurance is made by the insured when the contract is delivered to him and the premium paid, or agreed to be paid. There is certainly no presumption that an insurance company makes its contract of insurance at its home office. Many foreign insurance companies do business within this state and make many contracts of insurance here; and many domestic insurance companies make contracts of insurance in other states and countries, and thus contracts of insurance are made in the state or country in which the policy is delivered. The plaintiff being a foreign corporation, and the defendants having a home office in this state, and executing a policy here, but delivering it in another state, the contract would clearly be a contract made within the state where the policy was delivered, and thus not a contract made within this state.

Applying the principle established in Parmele v. Haas, 171 N. Y. 581, 64 N. E. 440, that "before these statutes were passed the plaintiff could maintain this action under general provisions of law containing no restrictions whatever of the character referred to"; that "the statutes in themselves give no right of action, and are not essential elements of the cause of action stated in the complaint"; that "they are mere revenue regulations, compliance with which is made necessary in order to acquire the right to do business here and to enforce causes of actions in our courts"; that "they may possibly be matters of defense, but not essential to be stated as part of the cause of action or right to sue"; and that "when a foreign corporation brings a suit in the courts of this state and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear," unless it appears in the record that the contract sued on is a contract made by the plaintiff within this state, the objection would not prevent the plaintiff from

maintaining its action. The Welsbach Case, supra, relied on by the defendant, does not in any way overrule the Parmele Case, for the question there arose upon a demurrer to the complaint, and in deciding the question the court assumed that from the complaint it appeared that the contract sought to be enforced was within the statute prohibiting such a contract from being enforced in the courts of this state. The defendant did not demur to this complaint, but answered, alleging, as an affirmative defense, that the contract sought to be enforced was within the prohibition of the statute. It was thus bound to prove the facts bringing the contract to be enforced within the statute, and, having failed to prove that this contract was delivered within this state, there was no proof that the defendant made the contract here, and that the contract was one which a foreign corporation could not enforce here.

In this connection, the question arises whether a contract of insurance is such a contract as was embraced within the prohibition contained in section 15 of the general corporation law. The policy of insurance was not a contract made in the usual course of its business carried on here. The intent of the statute is to prevent a foreign corporation from transacting within this state the business for which the corporation was organized without having procured the certificate therein required. I assume that a foreign corporation, having property in this state, could enter into a contract with an insurance company to insure that property without violating this statute; and although such a corporation did business in this state, a contract of insurance would not be a violation of the statute as a contract incapable of enforcement here. I assume that if this corporation had made a contract to sell its manufactured plants in this state, and had taken a mortgage to secure the payment of the purchase money, this statute would not prevent the enforcement of such a mortgage; and so, a contract by a foreign corporation having property within this state with an insurance company to indemnify it against a destruction of that property by fire, is not a contract relating to its business which is prohibited by this statute. The prohibition as to a foreign stock corporation enforcing contracts made in this state must be read in connection with the provision of the statute which prohibits a foreign stock corporation other than a moneyed corporation from doing business in the state and making contracts in relation to such business. It appears that this company was engaged in manufacturing fertilizers in this state. Undoubtedly the sale of such goods here without obtaining the certificate would be prohibited by this provision of the statute, and maintaining an action for the recovery of the purchase price of such goods manufactured and sold in the regular course of its business in this state is prohibited; but when it comes to the ordinary contracts for the protection of its property, not a part of its general business, such contracts are not within those contemplated by this provision.

For these reasons, I think the order setting aside the verdict, and granting a new trial should be reversed, and the motion to set aside the verdict denied, with costs. All concur, except O'BRIEN, P. J., and CLARKE, J., who dissent.