(114 App. Div. 743)

## WOOD & SELICK v. BALL.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. TRIAL—NONSUIT—GROUNDS—FAILURE TO ALLEGE CAUSE OF ACTION.

Under Code Civ. Proc. § 499, providing that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to raise the question by demurrer or answer, such question may be raised by motion for nonsuit at the close of the evidence.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 364, 366.]

2. CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—COMPLAINT—COMPLIANCE WITH STATE LAW.

Where the complaint by a foreign stock corporation to recover the purchase price of an article sold failed to allege that plaintiff had complied with General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1901, p, 1326, c. 538, entitling a corporation to do business within the state, it failed to state facts sufficient to constitute a cause of action.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2646–2648.]

3. SAME—STOCK CORPORATION.

Where a complaint by a foreign corporation was to recover the purchase price of an article sold in New York, it sufficiently indicated that plaintiff was a stock corporation, within General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1901, p. 1326, c. 538, regulating the business of foreign corporations within the state.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2646–2648.]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Jefferson County Court.

Action by Wood & Selick against Annie M. Ball. From a judgment in favor of defendant on a nonsuit, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Brown, Carlisle & McCartin, for appellant.
Joseph A. McConnell, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The ground of the nonsuit was that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff was a foreign corporation. The action was brought to recover the purchase price of "Liquid Egg," so called, sold to defendant at the city of Watertown, N. Y. The complaint did not allege the plaintiff had complied with section 15 of the general corporation law (chapter 687, p. 1805, Laws 1892, amended by chapter 538, p. 1326, Laws of 1901). The question was not raised by demurrer or answer, but by motion for nonsuit after the evidence had been taken on the trial. It is provided by section

499 of the Code of Civil Procedure that the objection that the complaint does not state facts sufficient to constitue a cause of action is not waived by a failure to raise the question by demurrer or answer. Welsbach v. N. Gas & Elec. Có., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152, seems to be decisive upon the question that it is necessary to allege the compliance with this statute in order to make a valid complaint.  The question was there raised by demurrer.  The trial court overruled the same, but the Appellate Division reversed, holding that the demurrer should have been sustained.  On appeal to the Court of Appeals, the court affirmed the Appellate Division, holding distinctly that the complaint was demurrable.  The former decisions of the Court of Appeals were considered by the Appellate Division, and distinguished.  It is useless to go over them again here.

It is suggested that it does not appear that the plaintiff is a stock corporation.  The complaint contains the same allegation as the one in the Welsbach Case, and it is admitted in the answer that the plaintiff is a foreign corporation.  Upon the trial, while there was much discussion as to whether the question of the inability of the plaintiff to sue without alleging its right to do business in this state should be raised by demurrer or answer, no suggestion was made that the corporation was not a stock corporation, and hence within the provision of the statute.  Had any suggestion of that kind been made on the trial, proof could have been given.  Again, the character of the transactions, the sales of the goods made, indicate that the plaintiff was a stock corporation.

It is suggested that a recovery ought to be permitted, if possible. The logic of that suggestion might do away with the statute in every instance.

Judgment affirmed, with costs.  All concur, except McLENNAN, P. J., and KRUSE, J., who dissent.

KRUSE, J. (dissenting).  The defendant has had these goods, and she should pay for them, unless the plaintiff corporation, by omitting to comply with the statute, has placed itself in such a situation that it cannot appeal to the courts of this state for relief.  If such an omission goes only to its legal capacity to sue, then the objection has been waived by not answering or demurring to the complaint.  Sections 498, 499, Code Civ. Proc.; Parmele v. Haas, 171 N. Y. 581, 64 N. E. 440.  In the Parmele Case it was held that the objection at most is one as to the character or capacity of the plaintiff to sue, and if the defect appears upon the face of the complaint it must be taken by demurrer, or, if it does not so appear, then by answer; otherwise, it is waived. Judge O'Brien in that case says:

"When a foreign corporation brings a suit in the courts of this state, and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear.  The question is one merely of pleading or procedure, and it does not go to the substance of the plaintiff's claim.  *  *  *  In this case the defendant may waive the provisions of this statute, and defend the action brought against him upon the merits, and, unless he elects to defend, or raise

some question under this statute by some affirmative act or pleading, the court will simply look at the cause of action as stated."

In the case of Welsbach v. Norwich Gas & Electric Co., 96 App. Div. 52, 89 N. Y. Supp. 284, the question was raised by demurrer, while in this case the question was raised for the first time on the trial, and then without being pleaded. Under such circumstances, it would seem that under the express provisions of the Code of Civil Procedure this defense was waived, it not having been raised by answer or demurrer.

Even if such an objection goes beyond the capacity of the plaintiff to sue, and survives the failure of the defendant to raise the question by a proper pleading, still it will be seen that section 15 of the general corporation law (Laws 1892, p. 1805, c. 687, amended by Laws 1901, p. 1326, c. 538) applies only to foreign stock corporations; and the complaint in this action, upon which the motion for a nonsuit was based, does not allege that the plaintiff is a stock corporation. While the inference is permissible from the evidence that the plaintiff was a foreign stock corporation, the motion for a nonsuit was based upon the complaint itself, the judgment so recites, and explicitly states the grounds of the motion to be "that facts were not stated in the said complaint sufficient to form a cause of action."

It is suggested that the form of the complaint in the Welsbach Case was the same as regards the allegation of the plaintiff's incorporation as in this case; it not being alleged that plaintiff was a stock corporation, and that the demurrer thereto was sustained. But it does not appear that this point was called to the attention of the court, and in the case of South Bay v. Howey (Sup.) 98 N. Y. Supp. 909, where the complaint contained a similar allegation, and where the question was considered, it was held that a motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action was properly denied, for the reason that the complaint did not state that the plaintiff was a stock corporation.

I think the case should have been disposed of upon the merits, and that the judgment should be reversed, and a new trial ordered.

McLENNAN, P. J., concurs.