(60 Misc. Rep. 367.)

WOODWARD LUMBER CO. v. GENERAL SUPPLY & CONSTRUCTION CO.

(City Court of New York, Special Term. August, 1908.)

1. CORPORATIONS (§ 672*)—ACTION BY FOREIGN CORPORATION—PLEADING—COMPLAINT.

A foreign corporation sued to recover for goods sold a domestic corporation. The complaint did not allege that the plaintiff had procured the certificate required by General Corporation Law (Laws 1901, p. 1326, c. 538) § 15. *Held*, that where the complaint did not allege that plaintiff was doing business in the state, or that the contract sued on was made in the state, it was not subject to demurrer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2647; Dec. Dig. § 672.*]

2. COURTS (§ 188*)—CITY COURTS—JURISDICTION.

Under Code Civ. Proc. § 315, subd. 1, the City Court of New York has jurisdiction of an action by a foreign corporation to recover judgment for money only.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Woodward Lumber Company against the General Supply & Construction Company. Demurrer to complaint overruled.

Low & Carey, for plaintiff.

Rose & Putzel, for defendant.

FINELITE, J. Defendant demurs to the complaint upon two grounds: (1) That it appears upon the face of said complaint that the court has no jurisdiction of the subject of the action, and (2) that said complaint fails to state facts sufficient to constitute a cause of action. The action is by a foreign corporation against a domestic corporation to recover $542.50 for goods sold and delivered. The complaint consists of three paragraphs. In the first the plaintiff alleges:

"That at all times hereinafter mentioned the plaintiff was and now is a corporation organized and existing under the laws of the state of Georgia, and the defendant during said times was and now is a corporation organized and existing under the laws of the state of New York."

By the second paragraph is alleged the sale and delivery of the merchandise, between January 1, 1907, and July 11, 1907, and the third paragraph alleges that no part thereof has been paid. The defendant challenges the complaint upon the grounds above stated, and relies mainly upon the case of Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21.

It is now definitely settled that if the complaint in an action by a foreign corporation shows that the cause of action alleged is upon a contract made in this state by a foreign corporation which is doing business in this state, and fails to allege that the corporation had, before making the contract, procured the certificate required by section 15 of the general corporation law (Laws 1901, p. 1326, c. 538), then, in that event, the complaint is demurrable (Welsbach Co. v. Norwich Gas & Elec. Co., 96 App. Div. 52; 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152; Wood & Selick v. Ball, supra); but it will be observed that the statute reads:

"No foreign stock corporation other than a moneyed corporation shall do business in the state without first having procured * * * a certificate that it has complied with all the requirements of law. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

It does not appear from the complaint, nor can it be inferred from the facts pleaded therein, that the plaintiff was doing business in this state or that the contract which is the basis of this action was made in this state. That being the fact, the complaint is not demurrable, because it fails to allege that the plaintiff procured from the Secretary of State the certificate referred to.

I have taken up for discussion the grounds of the demurrer in their inverse order, as the second ground presents a question seemingly of more interest. As to the first ground of the demurrer, it is provided by subdivision 1 of section 315 of the Code of Civil Procedure that:

"The jurisdiction of the City Court of the city of New York extends to the following cases: (1) An action against a natural person, or against a foreign

or domestic corporation, wherein the complaint demands judgment for a sum of money only."

It appears upon the face of the complaint that plaintiff demands judgment for a sum of money only. Section 1779 of the Code of Civil Procedure provides that:

"An action may be maintained by a foreign corporation in like manner and subject to the same regulations as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law."

As was said by Mr. Justice Pryor in Globe Yarn Mills v. Bilbrough, 2 Misc. Rep. 100, 21 N. Y. Supp. 2, referring to this section:

"It is not controverted that the City Court has jurisdiction of an action by a domestic corporation, and it is not pretended that any special provision of law restricts the concession of jurisdiction as to foreign corporations."

Therefore, as the demand here is for a sum of money only, and for the reasons set forth, this court has jurisdiction of the subject of this action, and the complaint allege facts sufficient to constitute a cause of action.

Demurrer overruled, with leave to defendant to plead over on payment of costs.