(83 Misc. Rep. 508)

### JONES v. WELLS FARGO CO. EXPRESS.

(Supreme Court, Trial Term, Wyoming County. January, 1914.)

1. CARRIERS (§ 158*)—FREIGHT—EXEMPTION FROM LIABILITY—"EXEMPT"—"LIMIT."

A provision in an express receipt that the company should not be liable for more than 50 cents a pound on any shipment in excess of 100 pounds, unless a greater value was declared at the time of shipment and an additional charge paid therefor, was not void as an exemption from liability under Public Service Commissions Law (Consol. Laws, c. 48) § 38, providing that no contract or clause in any receipt shall "exempt" any common carrier from liability for loss; "exempt" meaning to release, discharge, waive, relieve from liability or from some burdensome condition or obligation, and to "limit" meaning to fix a point or boundary beyond which the subject cannot extend, as, for example, a working day may be limited to eight hours, or the speed of a vehicle limited to a certain number of miles an hour.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 663–667, 699–703½, 708–710, 718, 718½; Dec. Dig. § 158.*

For other definitions, see Words and Phrases, vol. 3, pp. 2579, 2580; vol. 5, p. 4164; vol. 8, p. 7707.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—AUTHORITY TO TRANSACT BUSINESS.**

The failure of a foreign incorporated express company to show compliance with General Corporation Law (Consol. Laws, c. 23) § 15, by having procured authority to transact business within the state, when sued for loss of goods shipped, would not prevent the company from setting up a stipulation in the shipping receipt limiting the amount of its liability in a certain event; the statute merely preventing the corporation in such case from maintaining an action to enforce it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536–2541, 2550, 2552–2554; Dec. Dig. § 657.*]

Action by James U. Jones against the Wells Fargo Company Express. On motion by plaintiff to set aside a verdict for him for a less amount than claimed. Motion denied.

Russel J. Stone, for the motion.
Charles B. Prescott, of Attica, opposed.

BROWN, J. The plaintiff purchased of L. Y. Miller & Son, at Olean, N. Y., a quantity of furs, packed them in a barrel and a bag; the packed barrel weighing 93 pounds, and the bag 48 pounds. The plaintiff directed the vendor to ship the two packages to the plaintiff at Attica, N. Y., by express, charges collect. At times of prior shipments under like circumstances, the plaintiff had instructed the vendor that in making shipments of furs no value should be given to the express company. The vendor delivered the two packages of furs above referred to to the defendant for shipment to the plaintiff at Attica, omitting to state to the defendant any value of the merchandise, and received from the defendant a receipt for the furs, stating that they had been received for shipment to the plaintiff at Attica, which receipt contained, among other things, the following:

"The charge for forwarding the said property being based upon a valuation not exceeding fifty dollars for any shipment of one hundred pounds or less, and not exceeding fifty cents per pound for any shipment in excess of one hundred pounds unless a greater value is declared at time of shipment, it is hereby agreed that the company shall not be liable in any event for more than fifty dollars upon any shipment of one hundred pounds or less, or for more than fifty cents per pound on any shipment in excess of one hundred pounds, unless a greater value is declared at time of shipment and additional charge for value paid, or agreed to be paid therefor."

The barrel was duly delivered to the plaintiff, but the bag was lost in transit, and the plaintiff brought this action to recover its full value of $150. At the close of the evidence the plaintiff moved for a direction of a verdict in favor of plaintiff for $150, and the defendant moved for a like direction for $24.85.

[1] A verdict in favor of plaintiff for the last-named sum was directed, whereupon this motion was made to set aside the verdict upon several grounds; the principal one being that section 38 of the Public Service Commissions Law (Consol. Laws, c. 48) prohibits the insertion of the above-quoted clause in the receipt delivered by the defendant to the shipper, and that that stipulation fixing the amount of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's damage is void. The clause in section 38 of the Public Service Commissions Law relied upon by the plaintiff reads as follows:

"No contract, stipulation or clause in any receipt or bill of lading shall exempt or be held to exempt any common carrier, * * * from any liability for loss, damage or injury caused by it to freight or property from the time of its delivery for transportation until the same shall have been received at its destination and a reasonable time shall have elapsed after notice to consignee of such arrival to permit of the removal of such freight or property."

It must be conceded that, if this statutory prohibition applies to the clause in the defendant's receipt above quoted, plaintiff's motion should be granted. The statute prohibits any agreement exempting the common carrier from liability; it does not prohibit the common carrier from agreeing with the shipper as to the amount of its charges, or as to the amount of money it shall pay in the event it becomes liable for the loss of the merchandise. The quoted clause in the defendant's receipt does not undertake to exempt the defendant from liability; it simply provides that unless the shipper declares some value the damages the defendant will pay upon its liability for loss, etc., shall be ascertained and limited to 50 cents per pound. To exempt from liability is one thing, and to fix or limit the amount of damages is entirely another thing. "Exempt" means to release, discharge, waive, relieve from liability. Century Dictionary defines "exempt":

"To free, to except or excuse from some burdensome condition or obligation or the operation of some law to which others are subject; free, clear or released as from some liability, restriction or burden affecting other persons."

"Limit" is to fix a point or boundary beyond which the subject cannot pass or extend: A working day is limited to eight hours; the speed of a motor car is limited to a certain number of miles per hour; the damages are limited to 50 cents per pound. The liability for the loss of the furs was not in any manner exempted by limiting the damages to 50 cents per pound. In Hart v. Pennsylvania R. R., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717, it was said, "The limitation of value has no tendency to exempt from liability." The conclusion is reached that the agreement of the parties fixing the measure of plaintiff's damages was not in violation of the statute above quoted. Baum v. Long Island R. R., 58 Misc. Rep. 34, 108 N. Y. Supp. 1113, and cases there cited.

[2] The contention of the plaintiff that the defendant, being a foreign stock corporation, cannot assert the contract set forth in its receipt for the merchandise, for the reason that its answer does not contain an allegation that it has complied with the provisions of section 15 of the General Corporation Law and obtained authority to transact business in this state, is without merit. The only penalty imposed by that statute for failure to obtain such authority is that the offending corporation shall not maintain any action to enforce its contracts. In actions brought by such a corporation on its contracts it must allege as a condition precedent the compliance with the requirements of this section. Welsbach Co. v. Norwich Gas Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed in 180 N. Y. 533, 72 N. E. 1152; Wood & Selick

v. Ball, 190 N. Y. 217, 83 N. E. 21. Where such a defendant has "been brought into court and thus made to defend, it should be allowed, unless there is a distinct provision to the contrary, not only to defend, but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint. There is no such prohibition provision in this statute, and therefore the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question." Alsing Co. v. New England Quartz Co., 66 App. Div. 473, 73 N. Y. Supp. 347, affirmed 174 N. Y. 536, 66 N. E. 1110. In the case at bar the shipment of the furs is the basis of the plaintiff's complaint, and defendant is permitted to litigate any question touching not only its liability, but the amount of money to which plaintiff is entitled by reason of that shipment, without pleading or proving its statutory authority to make the contract of shipment.

While it is true that much is said in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, that would indicate that the contract of shipment was unlawful and void by reason of defendant's failure to plead and prove its compliance with the statutory requirements and obtain authority to do business in this state, yet, as pointed in Mahar v. Harrington Park, etc., 204 N. Y. 231, 97 N. E. 587, 38 L. R. A. (N. S.) 210, the contract is not void, it is a valid contract binding on all parties; but the offending corporation is solely penalized by being deprived of its right to maintain an action to enforce it.

Plaintiff's motion is denied.