CARRIER ENGINEERING CORPORATION, Plaintiff, *v*. INTER-
NATIONAL MANUFACTURING CO., LTD., Defendant.

(Supreme Court, Erie Special Term, July, 1918.)

Pleading — when foreign corporations not authorized to do business in
this state may counterclaim — actions.

> Plaintiff, a domestic corporation, brought an action against
> a Canadian corporation having a place of business in this state,
> to recover the balance due under a contract for the sale and
> delivery of goods, wares and merchandise, consisting of
> machinery and apparatus connected with an air-conditioning
> equipment, and the installation of the same upon the premises
> of defendant, and for a stipulated bonus of $100 a day for each
> day the apparatus was ready for operation previous to the time
> mentioned in the contract as to be completed, and for certain
> extra materials mentioned in the contract. *Held*, that though
> defendant was not duly licensed to do business in this state it
> might plead as a counterclaim and as a separate defense a cause
> of action based upon loss of profits alleged to have been sus-
> tained by it because of certain failures on the part of plaintiff
> to complete the installation of various portions of the equip-
> ment; such counterclaim arises out of the same transaction as
> that which forms the basis of plaintiff's suit.

DEMURRER to one of the defenses set forth as a
counterclaim.

Charles J. Staples, for plaintiff

Dwight & Scoville (Kenefick, Cooke, Mitchell & Bass;
Thomas R. Wheeler, of counsel), for defendant.

BISSELL, J.   The plaintiff has demurred to one of the
defenses set forth as a counterclaim by the defendant,
upon the ground that the defendant may not maintain
a counterclaim based upon the loss of profits alleged
to have been sustained by it, because it has not pleaded
that it has complied with sections 15 and 16 of the Gen-
eral Corporation Law.

The plaintiff is a domestic corporation having its principal office for the transaction of its business in the city of Buffalo. The defendant is a foreign corporation organized and existing under the laws of the Dominion of Canada, but having an office for the transaction of business at No. 511 Fifth avenue in the city of New York. It has not been licensed to do business in the state of New York by compliance with sections 15 and 16 of the General Corporation Law, or with section 181 of the Tax Law.

The action has been brought to recover the balance due under a contract for the sale and delivery of goods, wares and merchandise, consisting of machinery and apparatus connected with what is known as an air conditioning equipment, and the installation of the same upon the premises of the defendant, and for a stipulated bonus of $100 per day for each day the apparatus was ready for operation, previous to the time mentioned in the contract in which it was to be completed, and for certain extra materials furnished under the contract, aggregating in all the sum of $9,600.04, with interest.

The defendant admits the making of the contract, and alleges certain failures upon the part of the plaintiff to complete the installation of various portions of the equipment, and concludes by alleging by way of counterclaim and as a separate and distinct defense a cause of action for failures, and demanding damages by reason of the plaintiff's delays, aggregating $416,-786.74, all of which are prospective profits which the defendant alleges it could have realized upon a certain other contract which it had for the furnishing of munitions to the king of Great Britain and Ireland.

It is to this portion of the defendant's answer and to its affirmative counterclaim that the plaintiff demurs, claiming (1) that it appears upon the face of the said

counterclaim that the defendant has not legal capacity to recover on the same; and (2) that it appears upon the face of the said counterclaim that it does not state facts sufficient to constitute a cause of action.

In support of plaintiff's contention counsel cites the cases of *Wood & Selick* v. *Ball,* 190 N. Y. 217, and *Welsbach Co.* v. *Norwich Gas & Elec. Co.,* 96 App. Div. 52; affd., 180 N. Y. 533. In each of these cases the action was instituted by the foreign corporation as a party plaintiff, and it is clear that if the counterclaim of the defendant had been in the form of an action commenced by the defendant in the courts of this state it would have been required to allege and prove compliance with sections 15 and 16 above referred to; but it has also been held in the case of *Alsing Co.* v. *New England Quartz & Spar Co.,* 66 App. Div. 473; affd., without opinion, 174 N. Y. 536, that *a counterclaim* might be asserted by a foreign corporation even though it had not complied with these sections, provided the counterclaim arose out of the same transaction. Judge O'Brien, writing the opinion of the court in the Appellate Division, said: " Under the act of 1892 it is clear, we think, that a foreign corporation which has been made a party in an action in our courts has a right, in addition to contesting the claim made against it, to recover upon a counterclaim based upon the same transaction. The defendant, having been brought into court and thus made to defend, should be allowed, unless there is a distinct provision to the contrary, not only to defend but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint. There is no such prohibitive provision in this statute, and, therefore, the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question."

The subsequent amendments to section 15 enacted in

1901 and 1904 do not affect the rule stated by Judge O'Brien in the case of *Alsing Co.* v. *New England Quartz & Spar Co., supra,* respecting the right of a defendant which is a foreign corporation. to interpose as a defense a counterclaim based on the same transaction.

The section referred to now provides that: "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate," referring to the requirement to procure from the secretary of state "a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business."

Section 181 of the Tax Law of the state provides that every such foreign corporation "authorized to do business under the general corporation law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state." And further, that "No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation after thirteen months from the time of beginning such business within the state, without obtaining a receipt from the comptroller for the license fee upon the capital stock employed by it within this state during the first year of carrying on its business in this state."

The *Alsing Case, supra,* was cited with approval in the case of *Mahar* v. *Harrington Park Villa Sites,* 204

N. Y. 231, decided in 1912, and was therefore considered by the Court of Appeals with reference to sections 15 and 16 of the General Corporation Law, after the amendments of 1901 and 1904. The same rule was followed in *Jones* v. *Wells Fargo Express Co.,* 83 Misc. Rep. 508, decided in 1914, and in my opinion is the rule applicable to the demurrer here under consideration.

The question to be considered therefore in determining the disposition of this demurrer is whether or not the cause of action set forth in defendant's sixth defense by way of counterclaim arises out of the same transaction as that which forms the basis of plaintiff's suit. The plaintiff is suing for a breach of contract for failure to pay an unpaid balance, and also to recover the bonuses referred to in the contract. The defendant alleges that the plaintiff failed to comply with the terms of the contract, and caused great delay in installing the air conditioning process which forms the subject matter of this action, and that thereby it suffered special damages by reason of the breach of the contract, which are set forth in full in the sixth defense and counterclaim. Such special damages are recoverable in an action of this character. *Messmore* v. *New York Shot & Lead Co.,* 40 N. Y. 422; *Pacific Sheet Metal Works* v. *California Canneries Co., Ltd.,* 164 Fed. Repr. 980. The cause of action asserted by the defendant arises directly out of the plaintiff's breach, and has its basis upon the contract. It therefore cannot be claimed that the counterclaim set forth in the answer does not arise out of the same transaction, and out of the same identical breach of contract. The demurrer is overruled, with costs.

Demurrer overruled, with costs.