HENRY W. MAHAR, Respondent, *v.* HARRINGTON PARK VILLA SITES, a Corporation, Appellant, Impleaded with Another.

General corporation Law — effect of provision that foreign corporations must obtain certificate of compliance with law before doing business in this state.

It is provided by section 15 of the General Corporation Law (Cons. Laws, ch. 23) that "No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state." *Held,* that the only penalty which is prescribed by the General Corporation Law for a disregard of this provision is contained in the same section, viz., that no such corporation "shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate." The latter provision does not wholly invalidate a contract the only infirmity in which is the disability on the part of a foreign corporation to sue thereon in this state. It remains a valid and effective instrument in all other respects. The statute imposes only on a foreign corporation, which has not complied with these provisions, the penalty of being unable to maintain any action upon a contract made by it, not upon the other party to the contract.

*Mahar* v. *Harrington Park Villa Sites,* 146 App. Div. 756, reversed.

(Submitted January 10, 1912; decided January 23, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1911, reversing a determination of the Appellate Term which reversed a judgment of the Municipal Court of the city of New York overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The nature of the action, the question certified and the facts, so far as material, are stated in the opinion.

*Alexander Thain* for appellant. Plaintiff has erroneously assumed that, because the defendant corporation

had failed to secure a certificate under section 15 of the . General Corporation Act, he is at liberty to repudiate his contract to purchase and, in an action brought by him for that purpose, recover back the payment made by him on account of the purchase money. (*Neuchatel, etc., Co.* v. *Mayor, etc.*, 155 N. Y. 373.) Assuming that the defendant company was required by law to obtain a certificate from the secretary of state before doing business in this state, the only penalty for its failure so to do is that of forbidding it to maintain actions for the enforcement of its contracts in the courts of this state. (2 Morawetz on Priv. Corp. § 665.)

*Robert Lyon* for respondent. Defendant in entering into the contract sued upon did business within the state within the meaning of section 15 of the General Corporation Law prohibiting the doing of business in this state except on the conditions enumerated in the law, and not having complied with such conditions, the contract was invalid. (*Wood & Selick* v. *Ball*, 190 N. Y. 223; *Halsey* v. *Jewett Dramatic Company*, 190 N. Y. 231; *South Bay Co.* v. *Howey*, 190 N. Y. 240; *Portland Co.* v. *H. & G. Construction Co.*, 121 App. Div. 779; 123 App. Div. 495; *People* v. *Formosa*, 131 N. Y. 478; *Lancaster* v. *Amsterdam Improvement Co.*, 140 N. Y. 576; *People* v. *Fire Assn. of Phila.*, 92 N. Y. 326.)

WILLARD BARTLETT, J. The question certified to this court by the Appellate Division is as follows: "Does the complaint state facts sufficient to constitute a cause of action against the defendant Harrington Park Villa Sites ?"

The complaint alleges that at the city of New York about July 27, 1909, the plaintiff had negotiations with the defendants regarding the sale by the defendants and the purchase by the plaintiff of certain lots of land situated at Harrington Park, New Jersey; that thereafter the defendants and plaintiff entered into a written agreement

for the sale of said property to the plaintiff; that the contract required plaintiff to pay to the Harrington Park Villa Sites as a part payment thereon the sum of $500 and plaintiff delivered to said defendant a check on the Carnegie Trust Company drawn to its order, which check was afterwards duly indorsed by said defendant and paid; that the Harrington Park Villa Sites at the time named was a foreign corporation other than a money corporation, organized and existing under the laws of New Jersey and had an office for the transaction of its business in the city of New York and the transaction relating to and the making of the agreement above named took place in the city and state of New York; that at the time of the making of said agreement the Harrington Park Villa Sites had not filed with the secretary of state of New York the statement required by law and had not paid the tax or obtained a certificate to enable it as a foreign stock corporation other than a money corporation to do business in the state of New York and at said times was doing business in violation of section 15 of the General Corporation Law; and that the plaintiff under said contract deposited with the defendants the said sum of five hundred dollars, and before the commencement of this action demanded from them the aforesaid sum, no part of which has been paid. Upon these facts the plaintiff demanded judgment against the defendants for the sum of five hundred dollars and costs.

The Harrington Park Villa Sites demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and on the additional ground that the court had no jurisdiction of the subject-matter inasmuch as the action was brought to avoid a contract under seal in respect to real estate in New Jersey. The Municipal Court held that the complaint was good; the Appellate Term held that it was bad; the Appellate Division in turn has held that it was good, and the question now comes here.

The theory upon which the complaint has been upheld by the Appellate Division is that the contract therein mentioned was void because made by a foreign stock corporation other than a moneyed corporation doing business in the state of New York in violation of the provision of section 15 of the General Corporation Law (Laws of 1909, chap. 28); and hence that there was a failure of consideration for the payment of the five hundred dollars by the plaintiff, and an action lies to recover back the money. It is assumed in the prevailing opinion that this court held in the case of *Wood & Selick* v. *Ball* (190 N. Y. 217) that non-compliance with the requirements of that section has the effect of rendering any contracts made by such a corporation in this state absolutely void. Such is not my understanding of the purport of that decision. The only proposition decided in that case was "that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this state." (p. 225.) It is true that Judge VANN in the course of the opinion said that no such corporation could lawfully make contracts in this state without obtaining the required certificate in advance, and that he also spoke of contracts made by a corporation which had not obtained the certificate as "unlawful," and said that in the absence of the certificate a foreign stock corporation could not carry on business here "except in violation of law." None of these expressions, however, necessarily imports that a contract thus made is absolutely void. The only penalty which the General Corporation Law itself prescribes for a disregard of the provisions of this section is a disability to sue upon such a contract in the courts of New York. "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate."

(Cons. Laws, ch. 23, section 15.)  This prohibition would be effective to prevent the appellant from suing the respondent upon the contract alleged in the complaint; but in my opinion it is not operative to wholly invalidate the contract.  I think that the penalty imposed upon a foreign stock corporation for doing business in New York without the certificate of authority required by section 15 of the General Corporation Law is limited to that thus prescribed in the section itself.  No doubt the legislature could have gone further and declared all contracts to be void which were made by a foreign stock corporation doing business in this state without having obtained the certificate; but it has not done so.  This was the view taken in *Alsing Co.* v. *New England Quartz & Spar Co.* (66 App. Div. 473; affd., 174 N. Y. 536) where it was held that section 15 did not prevent a foreign stock corporation doing business here without having procured the necessary certificate from recovering upon a counterclaim growing out of the transaction upon which the plaintiff sued.  " The defendant, having been brought into court and thus made to defend," said Mr. Justice O'BRIEN in that case, " should be allowed, unless there is a distinct provision to the contrary, not only to defend but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint.  There is no such prohibitive provision in this statute, and, therefore, the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question." (p. 476.) The Supreme Court of the United States has distinctly held that a contract made by a foreign corporation with a citizen of another state is not necessarily void because the corporation had not complied with the laws of such other state imposing conditions upon it as a prerequisite to the lawful transaction of business therein.  In *Fritts* v. *Palmer* (132 U. S. 282) a tract of land in Colorado had been conveyed to a Missouri corporation in disregard of constitutional and statutory provisions which pro-

hibited a foreign corporation from purchasing or holding land in that state until it should acquire the right to do business therein by fulfilling certain prescribed conditions. Here the Missouri corporation had unquestionably violated the laws of Colorado when it purchased the property without having previously designated its place of business and an agent, as required by the Colorado statute. The only penalty which that statute provided, however, for non-compliance with these provisions was that the officers, agents and stockholders should be personally liable on any contracts of such foreign corporation as might be in default. The Supreme Court held the fair implication to be that, in the judgment of the Colorado legislature, this penalty was ample to effect the object of the statute prescribing the terms upon which foreign corporations might do business in that state; and hence the judiciary ought not to inflict the additional and harsh penalty of forfeiting the estate which had been conveyed to the Missouri corporation. In other words, the court refused to treat the conveyance as void, notwithstanding that it was made to a corporation which was forbidden to receive it.

If I am right in assuming that the only infirmity in the contract mentioned in the complaint is the disability of one of the parties to it, namely, the foreign corporation, to sue upon it in the courts of this state, it remains a valid and effective instrument in all other respects. There is not a word in the complaint to indicate any other defect. Here, then, we have the case of a contract which is not void and upon which the plaintiff has made a payment, which he was expressly required to make by its very terms and where there is no intimation that the defendant corporation has failed in any respect to comply with the conditions on its part. It is manifest that these facts afford no basis for any legal claim whatever. The complaint fails to disclose a cause of action, and, therefore, the order of the Appellate Division should be reversed

and the order of the Appellate Term affirmed, with costs in both courts, and the question certified answered in the negative.

CULLEN, Ch. J.    I concur in the opinion of WILLARD BARTLETT, J., that the statute imposes only on the foreign corporation, which has not complied with the provisions of the laws of this state requisite to entitle it to do business therein, the penalty of being unable to maintain any action upon a contract made by it, not upon the other party to the contract.    In other words, it can be sued upon the contract, but cannot sue thereon.    Any other view would lead to astonishing results.    Citizens of the state dealing with foreign corporations cannot be expected to know or to ascertain whether those corporations have complied with the laws of the state or not.    Hence, the contract was enforceable at the option of the plaintiff, and there has been no failure of consideration.    But assume that the contract was void, as is the condition under the Statute of Frauds of an oral contract for the sale of land. The vendee cannot enforce it; nevertheless he is not entitled to recover money paid under it unless the defendant refuses to fulfill.    This appears to be settled law not only in this state, but throughout the whole country.    (*Collier* v. *Coates,* 17 Barb. 471; *Dowdle* v. *Camp,* 12 Johns. 451; *Abbott* v. *Draper,* 4 Den. 51; *Erben* v. *Lorillard,* 19 N. Y. 299, 304; *Harris* v. *Frink,* 49 N. Y. 24, 29; *Richards* v. *Allen,* 17 Me. 296; *Bennett* v. *Phelps,* 12 Minn. 327; *Congdon* v. *Perry,* 13 Gray, 3.)    The complaint does not allege that the defendant refused to carry out the contract, and until such refusal plaintiff was not entitled to recover back the money paid under the contract, good or bad.

HAIGHT, WERNER, CHASE and COLLIN, JJ., concur with WILLARD BARTLETT, J., and CULLEN, Ch. J.; VANN, J., concurs in result.

Order reversed, etc.