## CITIZENS' BANK v. SHAW et al.

(District Court, E. D. Arkansas, W. D. October 12, 1923.)

Courts ⬤259—State statute, making contracts of foreign corporations not complying therewith unenforceable, does not prevent enforcement in federal courts.

Crawford & Moses' Dig. Ark. § 1832, providing that contracts by a foreign corporation which has not filed its articles of incorporation cannot be enforced, does not make the contract void, and it therefore remains valid and enforceable in the federal courts.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Citizens' Bank against J. B. Shaw and others. Plaintiff's demurrer to defendants' answer sustained.

Pryor & Miles, of Ft. Smith, Ark., for plaintiff.

Utley & Briner of Benton, Ark., and Mehaffy, Donham & Mehaffy, of Little Rock, Ark., for defendants.

TRIEBER, District Judge. This is an action at law by plaintiff on a negotiable promissory note executed by the defendants to the Trinity Drilling Company, a corporation existing under the laws of the state of Texas, from whom the plaintiff, it is alleged, purchased it in good faith, for value, before maturity, and is now the holder thereof in due course; that on maturity payment was demanded, but not paid, nor any part thereof.

Defendants, in their answer, among other defenses, pleaded in paragraph 2:

"For further answer and defense these defendants allege that the said Trinity Drilling Company of Texas, Inc., was at all times mentioned herein a foreign corporation, not authorized to do business in the state of Arkansas. The certificate of the secretary of state of the state of Arkansas, showing the lack of authority of said Trinity Drilling Company to do business in the state of Arkansas, is hereto attached, marked Exhibit A and made a part of this answer."

And in paragraph 3:

"Notwithstanding its lack of authority to do business in the state of Arkansas, said Trinity Drilling Company, on the 29th day of September, 1920, at Hot Springs, Ark., entered into a contract with the Combination Oil Company, an unincorporated association organized for the purpose of owning oil leases on lands in the state of Arkansas and developing same for oil and gas, by the terms of which contract said Trinity Drilling Company for a certain consideration agreed to drill for said Combination Oil Company a well on the lands of said Combination Oil Company in Cleveland county, Ark. Said well was to be drilled for the purpose of developing the oil and gas that said lands were supposed to contain. A copy of the contract so entered into is hereto attached, marked Exhibit B, and made a part of this answer. The promissory note which is the basis of plaintiff's alleged cause of action, and a copy of which is attached to plaintiff's complaint and marked Exhibit A thereto, was executed by the defendants herein and S. T. Wisby and J. F. Whitlock in part consideration of the above-mentioned contract; the signers of said note being, at the time of the execution thereof, the trustees of said Combination Oil Company."

The plaintiff demurs to these pleas. The question involved is whether these pleas, both of them raising in effect the same question of law, constitute a defense to the action, under the laws of the state of Arkansas. The Arkansas statute relied on is section 1832, C. & M. Digest of Arkansas Statutes of 1921, and is as follows:

"Any foreign corporation which shall fail to comply with the provisions of this act, and shall do any business in this state, shall be subject to a fine of not less than $1,000, to be recovered before any court of competent jurisdiction, and all such fines so recovered shall be paid into the general revenue fund of the county in which the cause of action shall accrue, and it is hereby made the duty of the prosecuting attorneys to institute said suits in the name of the state, for the use and benefit of the county in which the suit is brought, and such prosecuting attorney shall receive as his compensation one-fourth of the amount recovered; and as an additional penalty,

any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid can not make any contract in this state which can be enforced by it either in law or in equity, and the complying with the provisions of this act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate said contract."

Counsel for defendants rely on Hogan v. Intertype Corporation, 136 Ark. 53, 206 S. W. 58, and Dean v. Caldwell, 141 Ark. 38, 216 S. W. 31, where it was held that:

"Under our statutes, not only the offending corporation, but its assignee, is prohibited from maintaining suit in this state without having first complied with the laws of the state."

Does this construction of the statute govern actions in a national court in the state, or does the statute only apply to actions in the courts of the state? A leading case in this circuit on this subject, and which has been followed with approval by all national courts in which this question was before them, is Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, 18, 84 C. C. A. 167, certiorari denied 212 U. S. 577, 29 Sup. Ct. 686, 53 L. Ed. 658. In that case, which arose in the state of Colorado, the provisions of its Constitution and statutes being practically the same as those of the state of Arkansas, except that the language employed in the Colorado statute is that the failure to comply with the law "shall constitute an absolute defense to all actions, suits and proceedings in law or equity brought by the corporation in any court of competent jurisdiction within the limits of the state," while the Arkansas statute is that "any foreign corporation which shall fail or refuse [to comply with the requirements of the statute] cannot make any contract in this state which can be enforced by it either in law or equity." The court in the Butler Bros. Shoe Co. Case held:

"The declaration of the Colorado statute that the fact that a foreign corporation has been doing business in the state without its license shall constitute an absolute defense to any action arising out of such business is ineffectual to restrain or modify the power or duty of the national courts to hear and decide the controversies of such corporations arising from its transactions of interstate commerce according to the very right of the matter. A Circuit Court of the United States may administer a new right or remedy granted by the statute of a state to its citizens according to the terms of that statute. * * * But the power of the Circuit Courts of the United States to administer rights and remedies in equity was vested in them as part of the judicial power of the nation under the Constitution of the United States and the Judiciary Act of 1789, and as it was not granted by, it may not be revoked, impaired, or destroyed by, the legislation or act of any state."

An authority by the Supreme Court directly in point is David Lupton's Sons v. Automobile Club of America, 225 U. S. 489, 499, 32 Sup. Ct. 711, 714 (56 L. Ed. 1177, Ann. Cas. 1914A, 699), in which a similar statute of the state of New York was involved, and it was held:

"In this view. despite its transactions of business without authority, the foreign corporation could sue upon its contracts in any court of competent jursdiction other than a court of the state of New York."

The court cited with approval Alleghany Co. v. Allen, 69 N. J. Law, 270, 55 Atl. 724, where it had been held, quoting from the opinion in the Lupton Case:

293 F.—5

"The·court conceded the general rule, both in New Jersey and New York, to be that a contract void by the law of the state where made would not be enforced in the state of the forum. But it was held that the * * * statute did not in terms declare the contract void; it provided that no such action should be maintained in that state."

The Supreme Court in the Lupton Case held, as had been held in the Butler Bros. Shoe Co. Case, that:

"The state could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the federal courts for the enforcement of a valid contract."

The statute of the state of New York provides:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate." Consol. Laws, c. 23, § 15.

The certificate referred to is in effect the license to do business in the state, as in Arkansas. In Mahar v. Harrington Park Villa Sites, 204 N. Y. 231, 97 N. E. 587, 38 L. R. A. (N. S.) 210, the Court of Appeals of that state held that a contract made by a foreign corporation without a certificate of authority is not absolutely void, that the only penalty prescribed for a disregard of the statute is a disability to sue upon such a contract in the courts of the state, and that the contract remains valid and effective in all other respects. No doubt the Legislature could have gone further, and declared all such contracts void, but it has not done so.

It will serve no useful purpose to prolong this opinion by citing the numerous authorities of the national courts on this question, under statutes like those of Arkansas, as many of them will be found in the opinions before cited, and the decisions following them will be found cited in Sheppard's United States and Federal Citations.

What the conclusion might be, if the statute had declared all such contracts absolutely void, is not involved in this case, and the court expresses no opinion on it.

The pleas are not tenable and the demurrer to them must be sustained.