### OCKENFELS et al. v. BOYD.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924.)

No. 6384.

1. **Bills and notes** ☞373—**Mortgages** ☞258—**Defense of fraud not available against bona fide purchaser.**

The defense that a note and mortgage were procured from the maker by fraud is not available against an innocent purchaser for value before maturity.

2. **Judgment** ☞683—**Decree canceling mortgage not conclusive against prior purchaser not a party.**

A decree canceling a note and mortgage for fraud in a suit against the mortgagee is not a defense to a suit to foreclose, brought by an innocent purchaser before the cancellation suit was brought, and who was not a party thereto.

3. **Corporations** ☞642(6)—**Taking of single note and mortgage by foreign corporation does not constitute "doing business" in State.**

The taking of a single note and mortgage in Arkansas by a foreign corporation did not constitute "doing business" in the state, within the meaning of Const. Ark. art. 12, § 11, and Crawford & Moses' Dig. Ark. § 1832.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

4. **Corporations** ☞657(3)—**Courts** ☞259—**State statute, making contracts of foreign corporations not complying therewith unenforceable, does not make contract invalid or prevent enforcement in federal courts.**

Crawford & Moses' Dig. Ark. § 1832, providing that contracts made in the state by a foreign corporation which has not complied with its provisions cannot be enforced, does not make such contracts void, and they may be enforced in the federal courts.

5. **Bills and notes** ☞56—**Internal revenue** ☞34—**Note lacking revenue stamp not invalid.**

Act Oct. 3, 1917, which by section 807(6) requires the stamping of promissory notes and the amount thereof, does not make an unstamped note invalid, nor exclude it as evidence.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit in equity by H. B. Boyd against Anton J. Ockenfels and others. Decree for complainant, and defendants appeal. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Willard Pendergrass, of Altus, Ark., Charles I. Evans and Jeptha H. Evans, both of Booneville, Ark., and Samuel R. Chew and David L. Ford, both of Ft. Smith, Ark., for appellants.

Thomas B. Pryor and Vincent M. Miles, both of Ft. Smith, Ark., for appellee.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

LEWIS, Circuit Judge. [1] Ockenfels and wife of Arkansas executed and delivered in that State a mortgage on their farm to secure their promissory note made payable to the order of Fidelity Loan & Securities Company, a Kansas corporation. Boyd of Missouri as assignee of the note brought a suit to foreclose the mortgage on default and obtained decree and order of sale, from which this appeal was taken. One of the defenses was that the note and mortgage were fraudulently procured from Ockenfels. It seems that he went to Texas with land agents to look at lands there which they had for sale, and while with them was persuaded to enter into a contract to purchase a tract at a price grossly in excess of its value on fraudulent representations, as he says; and we may say that the facts look that way. When Ockenfels came back to Arkansas he gave the note and mortgage to enable him to carry out that contract. But the evidence established beyond question or doubt that Boyd bought the note for value before maturity without any knowledge or notice of the claimed fraud. The court so found. That left the defense wholly immaterial and without force as against Boyd. Young v. Lowry, 192 Fed. 825, 113 C. C. A. 149; Washington & Canonsburg Ry. Co. v. Murray, 211 Fed. 440, 128 C. C. A. 112; Bison State Bank v. Billington, 228 Fed. 116, 142 C. C. A. 522; H. Scherer & Co. v. Everest, 168 Fed. 822, 94 C. C. A. 346.

[2] Another defense was res adjudicata. It was alleged that Ockenfels and wife brought a suit in the Franklin Chancery Court, Arkansas, against Fidelity Loan Securities Company and others to cancel the note and mortgage, and obtained a decree of cancellation at the December term, 1919. Boyd testified that he bought the note in May, 1919. The suit to cancel the mortgage was not brought until after July of that year, the exact date on which it was instituted not being shown, but it was returnable at the December term. When defendant offered in evidence the judgment roll in the cancellation suit it was excluded, on the ground that Boyd was not a party to that suit and therefore not bound by that decree. That this ruling was right is not debatable. The defense of res adjudicata was, therefore, not made out.

[3] Another defense was that the suit could not be maintained because of certain provisions of the Constitution of the State of Arkansas and statutory enactment. Section 11 of Article 12 of the Constitution reads:

"Foreign corporations may be authorized to do business in this state under such limitations and restrictions as may be prescribed by law: Provided, that no such corporation shall do any business in this state except while it maintains therein one or more known places of business and an authorized agent or agents in the same upon whom process may be served."

And the Arkansas statute relied on is this:

"Any foreign corporation which shall fail to comply with the provisions of this act, and shall do any business in this State, shall be subject to a fine of not less than $1,000, to be recovered before any court of competent jurisdiction, and all such fines so recovered shall be paid into the general revenue fund of the county in which the cause of action shall accrue, and it is hereby made the duty of the prosecuting attorneys to institute said suits in the name of the State, for the use and benefit of the county in which the suit is brought, and such prosecuting attorney shall receive as his compensation one-fourth of the amount recovered; and as an additional penalty, any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid cannot make any contract in this State which can be enforced by it either in law or in equity, and the complying with the provisions of this act after * * * suit is instituted shall in no way validate said contract." Crawford & Moses' Dig. § 1832.

[4] The Supreme Court of Arkansas has construed the statute as prohibiting the assignee of a note given to a corporation which had not complied with its terms from suing upon or enforcing the obligation of the note in the State Courts. Hogan v. Intertype Corp., 136 Ark. 53, 206 S. W. 58; Dean v. Caldwell, 141 Ark. 38, 216 S. W. 31. As to that, the court below found that Fidelity Loan & Securities Company, in taking the note and mortgage was not doing business in Arkansas within the meaning of the laws of the State. It was not shown that it ever did anything else in the State than to receive the note and mortgage from Ockenfels. Ammons v. Brunswick-Balke-Collender Co., 141 Fed. 570, 72 C. C. A. 614; Anderson v. Morris & E. R. Co., 216 Fed. 83, 87, 132 C. C. A. 327; Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239, 245, 55 C. C. A. 93. Furthermore, if it be assumed that the transaction was the doing of business by the corporation in the State, still its Constitution and statute have no application here; because they must be construed as prohibiting the institution of suits in the State courts of Arkansas, and not to the institution of suits growing out of such prohibited transactions in the Federal courts. Neither the Constitution nor statute declares void or voidable contracts made by a foreign corporation while doing business within the State without having theretofore complied with the requirements of the statute; and the appellee had a right to bring this suit in the Federal court notwithstanding the Arkansas Constitution and statute. David Lupton's Sons v. Auto Club, 225 U. S. 489, 499, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699; Butler Bros. Shoe Co. v. United States Rubber Co., 156 Fed. 1, 84 C. C. A. 167; Citizens' Bank v. Shaw (D. C.) 293 Fed. 63.

[5] It was also claimed in defense that the required revenue stamps had not been put upon the note; and relying on Sections 13, 14 and 15 of the Act of June 13, 1898 (30 Stat. 454, 455 [Comp. St. Ann. Supp. 1923, §§ 6318hh–6318hhhh]), it was and is insisted that the note and mortgage were invalid, of no effect and could not be received in evidence. But it was the Act approved October 3, 1917 (40 Stat. 323), which required the stamping of the note and the amount thereof, and that Act does not render an unstamped document invalid or exclude it as evidence. Cole v. Ralph, 252 U. S. 286, 293, 40 Sup. Ct. 321, 64 L. Ed. 567. Moreover, it was undisputed that the note had the necessary revenue stamps on it when it was purchased by Boyd, and the

trial court found that it had been stamped by Ockenfels, or some one in his behalf. There was testimony that it was stamped at the time it and the mortgage were executed.

All of the errors assigned have been considered and each found to be without merit. The decree is

Affirmed.