Ac-tin-o-lyte Roofing Company, Respondent, *v.* Francis A. Werner and Another, Appellants.

First Department, May. 16, 1924.

Corporations — foreign corporations — action by foreign corporation on contract made in this State — counterclaim was interposed — evidence in plaintiff's case showed that plaintiff was doing business here — complaint should have been dismissed at close of plaintiff's case on ground that it did not plead and prove authority under General Corporation Law of 1909, § 15 (now Stock Corporation Law of 1923, § 110).

In an action by a foreign corporation to recover on a contract made in this State, in which a counterclaim was interposed, a motion made at the end of the plaintiff's case to dismiss the complaint on the ground that the plaintiff had failed to plead and prove its right to do business in this State pursuant to section 15 of the General Corporation Law of 1909 (now Stock Corporation Law of 1923, § 110) was made in time, where it appeared in the plaintiff's case that it was doing business here; and the fact that a counterclaim was interposed without raising the question did not deprive the court of the right to direct the dismissal of the complaint.

Smith, J., dissents, with opinion.

Appeal by the defendants, Francis A. Werner and another, from a judgment of the Supreme Court in favor of the plaintiff,

---

* See art. 33-B, added by Laws of 1919, chap. 645, as amd. by Laws of 1920, chap. 680.— [Rep.

entered in the office of the clerk of the county of New York on the 20th day of July, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of July, 1923, directing the clerk of the court to tax the bill of costs presented by the plaintiff and adjust the items thereof.

*Bleich & Werner* [*Leopold Bleich* of counsel], for the appellants.

*Gross & April* [*Nathan April* of counsel], for the respondent.

MARTIN, J.:

We find it necessary to consider but one of the two grounds of appeal.

The plaintiff recovered a judgment against the defendants for the sum of $207.10, the complaint having set forth a claim for $163.51, as the amount remaining due for work, labor and services. The answer sets up a counterclaim on its face in favor of one of the two defendants, upon a cause of action arising out of the same transaction. Defendants having succeeded in partly establishing the counterclaim, materially decreased the recovery. Plaintiff is a foreign corporation which has not complied with the requirements of section 15 of the General Corporation Law of 1909 (as amd. by Laws of 1917, chap. 594) and now prescribed by section 110 of the Stock Corporation Law of 1923. We shall refer to testimony which shows that it was doing business within the State. The court at Trial Term was of the opinion that this point could not be taken by a motion to dismiss at the close of plaintiff's case because defendants had interposed a counterclaim without raising it, that the situation was in effect the same as if defendants had sued to recover for a breach of the contract and plaintiff had interposed a counterclaim based on what is alleged in the complaint, citing *Mahar* v. *Harrington Park Villa Sites* (204 N. Y. 231).

The conclusion that plaintiff was doing business in the State follows from the complaint and from the testimony of the president of the plaintiff corporation, on cross-examination: " Q. You did work around Suffern? A. Around Suffern, thousands of dollars, yes. Q. And in the State of New York? A. Yes."

Plaintiff declares on a common count and the complaint alleges the work was done within this State. The evidence shows it to have been roofing work. It thus developed that the plaintiff, a foreign corporation, entered into the contract and was doing business in the State of New York without having obtained the statutory certificate. In such a case the plaintiff must plead and prove its right to do business in this State before a recovery may

be had. In this case plaintiff did neither. The plaintiff contends, however, that the objection should have been taken before the trial by demurrer or otherwise.

A motion was timely made at the end of the plaintiff's case on the specific ground that it had failed to properly plead or prove its right to do business in this State. The complaint should have been thereupon dismissed.

In *Eclipse Silk Manufacturing Co.* v. *Hiller* (145 App. Div. 568, 573) Mr. Justice WOODWARD said: " If, upon the trial, it should be developed that the plaintiff is a foreign corporation doing business in New York, and that the contract in question was made within this State, the objection that the complaint does not state facts sufficient to constitute a cause of action, or that the facts proved do not constitute a cause of action, is open to the defendant (*Wood & Selick* v. *Ball,* 114 App. Div. 743; affd., 190 N. Y. 217), but with nothing before the court to show that the plaintiff is a foreign corporation doing business in this State, or that the contract sued upon was made within this State, there was no justification for dismissing the complaint."

In the case of *Wood & Selick* v. *Ball* (190 N. Y. 217, 225) the court said: " We think that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this State. The cases holding otherwise should be regarded as overruled and the conflict of authority ended."

In the case of *Mahar* v. *Harrington Park Villa Sites* (*supra,* 234) Judge WILLARD BARTLETT, writing for the court, said: " The only proposition decided in that case was ' that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this State.' "

In the case of *American Can Co.* v. *Grassi Contracting Co.* (102 Misc. Rep. 230) Mr. Justice LEHMAN said: " It would seem also that logically such proof would be necessary. The courts have decided that the provision of the statute requiring foreign corporations to obtain a license to do business within the State is not merely a ground for the defense of illegality but is a condition precedent to the bringing of any action on a contract made within the State and that compliance with such condition precedent must be alleged and proven at the trial. It would seem, therefore, to follow that when the evidence shows that a foreign corporation is suing upon such a contract it has not made out its cause of action until it has proven compliance with the condition precedent and

that the complaint should, therefore, be dismissed even though the answer has not set up such a defense."

We are of the opinion, therefore, that the motion to dismiss the complaint at the end of the plaintiff's case should have been granted.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs, but not upon the merits.

DOWLING, MERRELL and FINCH, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

The plaintiff is a foreign corporation. I think it is fairly shown that it was doing business within this State, and that the contract in question upon which the recovery has been had was made and performed within this State, and no certificate has been obtained authorizing this corporation to do business within this State.

In *Mahar* v. *Harrington Park Villa Sites* (204 N. Y. 231) it is held that under section 15 of the General Corporation Law of 1909 the only penalty prescribed for doing business within this State by such a foreign corporation without such a certificate is contained in the same provision of the statute which provides that no such corporation " shall maintain any action in this State upon any contract made by it in this State, unless prior to the making of such contract it shall have procured such certificate." The law is further stated: " The latter provision does not wholly invalidate a contract the only infirmity in which is the disability on the part of a foreign corporation to sue thereon in this State. It remains a valid and effective instrument in all other respects. The statute imposes only on a foreign corporation, which has not complied with these provisions, the penalty of being unable to maintain any action upon a contract made by it, not upon the other party to the contract." This interpretation of the law would seem to leave the plaintiff with a valid contract and a valid claim without the right to sue in this State thereupon. The objection would seem to go to the capacity of the plaintiff to sue, rather than to the jurisdiction of the court which is a court of general jurisdiction. There is no question that the plaintiff was required, in the absence of a counterclaim, to show the certificate in the complaint in order to maintain the action if the objection has not been waived.

By section 278 of the Civil Practice Act it is provided that an objection appearing upon the face of a pleading is waived unless taken by motion where the objection is that the plaintiff has not legal capacity to sue. By rule 106 of the Rules of Civil Practice it is provided that motion to dismiss a complaint for want of legal capacity to sue may be made within twenty days after the service of the complaint where the defect appears upon the face thereof, and by

rule 107 of the Rules of Civil Practice it is provided where the defect does not appear upon the face of the complaint that the defendant may make such a motion within twenty days. (See, also, Code Civ. Proc. §§ 488, 490, 498, 499; Civ. Prac. Act, § 1569.) It would seem, therefore, under the interpretation of the General Corporation Law of 1909 set forth in the *Mahar Case* (*supra*), and under the Civil Practice Act and the Rules of Civil Practice, the defendants have waived the objection that the plaintiff has not legal capacity to sue, and upon that ground the appellants have not sustained their right to reverse the judgment.

There is another ground upon which I think we may well hold that the defendants have waived the incapacity of the plaintiff to sue in this State. A counterclaim was set up. A motion was made at the close of the plaintiff's case and renewed at the close of the defendants' case "for a dismissal." That was clearly understood by all parties to mean for a dismissal of the complaint, and that it was so understood is clearly shown by the statement in the appellants' brief, which is to the effect "counsel for the defendants at the close of plaintiff's case, moved for a dismissal of the complaint upon the ground that it affirmatively appeared from the plaintiff's own case that the plaintiff was a foreign corporation doing business within this State upon a contract made here, and that it had not complied with Section 15 of the General Corporation Law." There was no offer by the defendants to withdraw their counterclaim. If the complaint had been dismissed the defendants could still insist upon their counterclaim and the plaintiff would have been barred from offsetting against the counterclaim any claim for damages by reason of a breach of this contract. The counterclaim is in effect a cross action, and if the defendants had brought an action in this State against the plaintiff upon the same matter alleged in the counterclaim, the plaintiff would have had a right to plead as an offset or counterclaim, moneys due upon the contract, even though it had not conformed to section 15 of the General Corporation Law. (See *Mahar* v. *Harrington Park Villa Sites*, *supra*.) The effect of dismissing this complaint, therefore, without an offer to withdraw the counterclaim would have been to leave the plaintiff without the right to offset as against this counterclaim his cause of action upon this contract. The complaint demanded judgment for the sum of $163.51. The counterclaim of Bertha J. Werner demanded judgment for $1,500. The verdict of the jury was in favor of the plaintiff for $85. Even if it could be held that the defendants have not otherwise waived their objection to the capacity of the plaintiff to sue in this State, nevertheless, to dismiss the complaint without withdrawing the counterclaim

would leave the plaintiff without the right to make any offset to the counterclaim, which under the *Mahar Case (supra)*, it would have had the right to do, and the motion was properly denied.

Complaint is also made on the ground that costs were taxed at the full amount. The venue of the action was laid in New York county, and the defendants appeared generally. The defendants were residents of the county of Rockland. Neither the City Court, nor the Municipal Court, therefore, had jurisdiction of actions against them. In such case the right to tax costs prevails as in counties in other parts of the State, and the costs were properly taxed at the full amount. (See Civ. Prac. Act, §§ 1470, 1474.)

The judgment and order should, therefore, be affirmed, with costs.

*Judgment and order reversed, with costs, and complaint dismissed, with costs.*